UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER BROOKS, No. 251955

        Plaintiff,

                                                CASE NO. 2:13-CV-14453
v.                                         HONORABLE SEAN F. COX
LIEUTENANT WALSH, *ET AL.*,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION
FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE
AND DISMISSING THE CIVIL RIGHTS COMPLAINT**

Michigan state prisoner Christopher Brooks ("Plaintiff") has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and an application to proceed without prepayment of the $350.00 filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). Plaintiff names ten defendants. He seeks injunctive relief in the form of a reclassification of his security risk level and the reversal of prison misconduct charges. Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321(1996), a prisoner is prevented from proceeding *in forma pauperis* in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

42 U.S.C. § 1915(g).

In short, this "three strikes" provision allows the Court to dismiss a case where the prisoner seeks to proceed *in forma pauperis*, if, on three or more previous occasions, a federal court has

1

dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g) (1996); *Dupree v. Palmer*, 284 F.3d 1234, 1236(11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

Plaintiff has filed at least three prior civil rights complaints which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Brooks v. Baird*, No. 1:01-cv-00729 (W.D. Mich. January 2, 2002); *Brooks v. Hay*, No. 2:03-cv-00073 (W.D. Mich. May 6, 2003); and *Brooks v. Luckey*, No. 01-cv-72751 (E.D. Mich. September 13, 2002).

A plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury." To establish that his complaint falls within the statutory exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed *in forma pauperis*. *Vandiver v. Vasbinder*, No. 08-2602, 416 F. App'x561 (6th Cir. Mar. 28, 2011); *see also Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir. 2002)(holding that imminent danger exception requires that the danger exist at time complaint is filed); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger of serious physical injury).

Here, Plaintiff's complaint does not allege that he is under imminent danger of serious physical injury.

2

Accordingly, the Court **DENIES** Plaintiff's application for leave to proceed without prepayment of the filing fee. Additionally, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to Plaintiff filing a new complaint with payment of the filing fee. **SO ORDERED**.

Dated: December 4, 2013               S/ Sean F. Cox
                                                  Sean F. Cox
                                                  U. S. District Court Judge

I hereby certify that on December 4, 2013, the foregoing document was served upon counsel of record by electronic means and upon Christopher Brooks by First Class Mail at the address below:

Christopher Brooks
251955
Saginaw Correctional Facility
9625 Pierce Road
Freeland, MI 48623

Dated: December 4, 2013               S/ J. McCoy
                                                  Case Manager